

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: April 20, 2016**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 16-10300 |
| WESTECH CAPITAL CORP. | § | |
| | § | Chapter 11 |
| DEBTOR | § | |

**ORDER GRANTING MOTION TO ENFORCE AUTOMATIC STAY, TO ESTABLISH NOTIFICATION PROCEDURES AND TO APPROVE RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTOR'S ESTATE**

Came on to be considered the Debtor's *Motion to Enforce Automatic Stay, to Establish Notification Procedures and to Approve Restrictions on Certain Transfers of Interests in the Debtor's Estate* (the "Motion").[1] The Court finds that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334(b), (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) the relief requested in the Motion is in the best interests of the Debtor and its respective estate, creditors, and equity security holders, (d) proper and adequate notice of the Motion and hearing

---

[1] Capitalized terms not defined herein shall have the meaning given to them in the Motion.

thereon has been given and, except as set forth herein, no other or further notice is necessary, (e) the Debtor's net operating loss ("NOL") carryforwards and certain other tax attributes (collectively, the "Tax Attributes") and its Stock in Tejas Securities Group, Inc. are property of the Debtor's estate and are protected by the automatic stay prescribed in Bankruptcy Code § 362, (f) unrestricted trading in the Stock (as defined below) before the Debtor's emergence from chapter 11 could severely limit the Debtor's and Tejas' ability to utilize their Tax Attributes for U.S. Federal, state and local income tax purposes, as set forth in the Motion, (g) the Stock trading procedures and restrictions (the "Notification Procedures") set forth herein are necessary and proper in order to preserve such ability to utilize the Tax Attributes and are therefore in the best interests of the Debtor, its estate, and its creditors, (h) the relief requested in the Motion is authorized under Bankruptcy Code §§ 105(a), 362, and 541, and (i) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion. Accordingly, the Motion is **GRANTED** and the Court hereby **ORDERS** that the following Notification Procedures are imposed and approved:

(a) <u>Restrictions and Procedures for Trading in Stock.</u> Any person or entity who after the filing of the Motion,

(i) is not a Substantial Equity Holder[2] and wishes to purchase or otherwise acquire Tax Ownership of an amount of Stock that would cause the person or entity to become a Substantial Equity Holder;

---

[2] "Substantial Equity Holder" means any person who or entity that is or becomes a Tax Owner of at least 100,000 shares of common Stock, which represents approximately 2.50% of the issued and outstanding common Stock as of the Petition Date or at least 8 shares of Series A Preferred Stock, which represents approximately 2.50% of the issued and outstanding Series A Preferred Stock as of the Petition Date.

ORDER GRANTING DEBTOR'S MOTION TO ENFORCE AUTOMATIC STAY, TO ESTABLISH PROCEDURES AND TO APPROVE RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTOR'S ESTATE 2

1786764.1/SPA/39446/0102/041316

  (ii) is a Substantial Equity Holder and wishes to purchase or otherwise acquire Tax Ownership of any additional Stock; or

  (iii) is a Substantial Equity Holder and wishes to sell or otherwise dispose of Tax Ownership of any Stock,

must, at least 15 days prior to the consummating any transaction (the "Waiting Period"), file with this Court and serve on the Debtor, its counsel, and counsel for the unsecured creditors committee (the "Committee"), if one has been appointed in the Cases, a notice in the form attached to the Motion as **Exhibit A-1** and **Exhibit A-2**, as applicable (the "Proposed Stock Transaction Notice").[3] The Debtor shall follow the procedures set forth in subsection (b) below with respect to any Proposed Stock Transaction Notice received.

(b) Procedures upon Receipt of a Proposed Stock Transaction Notice. If the Debtor files written approval of the proposed Stock transaction with the Court after receipt of a Proposed Stock Transaction Notice, then the proposed Stock transaction may proceed. If the Debtor does not file written approval of the proposed Stock transaction with the Court within 15 calendar days after receipt of a Proposed Stock Transaction Notice, then the Stock transaction may not be consummated unless approved by a final and non-appealable order of the Court; *provided, however*, the Debtor may subsequently approve the proposed Stock transaction in writing, in which case no such Court order shall be necessary. Further transactions within the scope of this subsection (b) must be the subject of additional notices as set forth herein with additional Waiting Periods.

(c) Sanctions for Noncompliance. Acquiring and disposing Stock in violation of the restrictions and Notification Procedures set forth above shall be void *ab initio*, and the sanction for violating the Notification Procedures shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

(d) Discretionary Waiver by the Debtor. The Debtor may waive, in writing, any and all restrictions, sanctions, and Notification Procedures; *provided, however*, any such waiver shall be filed with the Court.

---

[3] **Exhibit A-1** is the proposed Notice of Intent to Purchase, Acquire, or Otherwise Obtain Tax Ownership of Stock. **Exhibit A-2** is the proposed Notice of Intent to Sell, Exchange, or Otherwise Dispose of Tax Ownership of Stock.

ORDER GRANTING DEBTOR'S MOTION TO ENFORCE AUTOMATIC STAY, TO ESTABLISH PROCEDURES AND TO APPROVE RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTOR'S ESTATE 3

1786764.1/SPA/39446/0102/041316

(e) <u>Notice of the Order.</u>  Within 5 business days after the entry of this Order, the Debtors shall (i) submit a notice of the entry of the Order, substantially in the form attached to this Order as Exhibit A, for publication on the Bloomberg newswire service and the Depository Trust Company Legal Notice System (also known as "<u>LENS</u>")[4] (ii) post such notice together with a copy of the Order on the website maintained by Debtor's claims and notice agent(iii) serve such notice and a copy of the Order on (A) the Office of the United States Trustee, (B) the United States Securities and Exchange Commission, (D) the Debtor's Limited Service List, and (E) the Equity Security Holders who were served with the Motion.

(f) <u>Definitions.</u>  For purposes of this Order, the following terms have the following meanings:

(1) <u>Option.</u> "Option" shall mean any contingent purchase, warrant, convertible debt, put, Stock subject to a risk of forfeiture, contract to acquire Stock or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(2) <u>Stock.</u> "Stock" shall mean Debtor common stock or Series A Preferred stock or any other equity instrument of Debtor. For the avoidance of doubt, by operation of the definition of "Tax Ownership," an owner of an Option to acquire Stock may be treated as the owner of such Stock.

###

Prepared and submitted by:

Stephen A. Roberts
Duane J. Brescia
STRASBURGER & PRICE, LLP
720 Brazos, Suite 700
Austin, TX 78701
512-499-3624
512-499-3660 Fax
stephen.roberts@strasburger.com
duane.brescia@strasburger.com

**Bankruptcy Counsel to Debtor-in-Possession**

---

[4] The proposed form of publication notice is attached hereto as **Exhibit A**.

ORDER GRANTING DEBTOR'S MOTION TO ENFORCE AUTOMATIC STAY, TO ESTABLISH PROCEDURES AND TO APPROVE RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTOR'S ESTATE  4

1786764.1/SPA/39446/0102/041316

## Exhibit A

## PUBLICATION NOTICE

Court Enters Order Restricting Trading in Equity of Westech Capital Corp. The United States Bankruptcy Court for the Western District of Texas, Austin Division, has entered an order that imposes substantial restrictions on trading in equity interests in Westech Capital Corp. A copy of the order may be found at the following internet address _____ and questions regarding the order may be directed to representatives of the Debtor at the following telephone number: 512-499-3624. The case number for the bankruptcy action is Case No. 16-10300.